UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA R. MARTIN,

Plaintiff, CIVIL ACTION NO. 06-10821

v. DISTRICT JUDGE GERALD E. ROSEN

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, MAGISTRATE JUDGE VIRGINIA M. MORGAN

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

## I. Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

## II. Background

On December 12, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits, claiming that she was disabled as a result of fibromyalgia, with a disability onset date of May 2, 1998. (Tr. 43-45, 52) Plaintiff was 44 years of age when she filed the application. She has a high school education, with a work history including employment as a switchboard operator at a hospital. (Tr. 53, 58)

The Social Security Administration (SSA) denied plaintiff's claims on initial review. (Tr. 21-25) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 26) The hearing was held on April 21, 2005 before ALJ Neil White. (Tr. 241-61) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On July 25, 2005, the ALJ issued a decision denying plaintiff's claim. (Tr. 11-18) The ALJ determined that plaintiff had "right sided pain and weakness and a growth hormone deficiency" and that her impairments were "severe" within the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. Further, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform her past relevant work as a switchboard operator, which the VE characterized as sedentary, semi-skilled work. (Tr. 259) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 9-10) The Appeals Council denied the request on December 28, 2005. (Tr. 4-7) The ALJ's decision thus became the final decision of the Commissioner.

On February 23, 2006, plaintiff filed a *pro se* action for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for summary judgment. Plaintiff claims that the Commissioner's decision is not supported by

substantial evidence. The Commissioner contends that the decision is supported by substantial evidence and should thus be affirmed.

## **III. Legal Standards**

### **A. Disability Evaluation**

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the

> third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion

reached by the ALJ." Key, 109 F.3d at 273.

## IV. Analysis

After concluding that plaintiff had not worked since her alleged onset date, the ALJ determined that plaintiff had "severe" impairments consisting of right sided pain and weakness and growth hormone deficiency, but that those impairments did not meet or equal a listed impairment. Plaintiff raises no objections to any of these findings, and the court, having reviewed the record in its entirety, concludes that they are supported by substantial evidence.

At the fourth step of the disability determination process, the ALJ concluded that plaintiff had the residual functional capacity to perform the full range of sedentary work, including her past work as a switchboard operator. The ALJ thus concluded that plaintiff was not disabled. As discussed below, the record contains ample support for this determination.

Plaintiff reported that after a fall in 1996, she began experiencing significant right-sided pain and weakness, balance and walking problems, confusion, speech difficulties, and breathing problems. She claimed that she was forced to stop working as a result of the combined effect of these impairments. However, as the ALJ noted, plaintiff has undergone a battery of tests for various suspected conditions, and each test has yielded either unremarkable or entirely normal results. (Tr. 96-103, 113-17, 163, 166-67, 206, 219-21, 240) Further, plaintiff has been examined by numerous specialists, and not one has definitively diagnosed plaintiff with any condition that might cause the severe pain, weakness, and other symptoms she has described. Indeed, the only definitive diagnosis in the record is a February 15, 2005 diagnosis by Dr. Nasir Ul Haque that plaintiff has a growth hormone deficiency. Dr. Eva L. Feldman noted following a

November 26, 2002 examination of plaintiff that plaintiff had "multiple various neurologic complaints which do not clearly fit any disease entity .... We are not finding any unifying any neurologic diagnosis to explain any of her symptoms, and we do not believe she has a metabolic myopathy." (Tr. 163) Similarly, Dr. James Albers, a neurologist, noted in an April 11, 2002 report that "[a]t this time, we do not find any abnormalities or neurologic or electrodiagnostic evaluations, and no evidence of defective neuromuscular transmission or a myopathy producing muscle fibrosis." (Tr. 179) In addition, numerous physical examinations have yielded unremarkable results. (Tr. 104, 118-20, 161-81, 183) Further, there is no opinion evidence in the record indicating that plaintiff's impairments would preclude all work activity. Dr. Haque stated that plaintiff was "unable to perform major physical activities at this time." (Tr. 183) However, Dr. Haque's opinion in this regard is not inconsistent with the ALJ's disability determination, as sedentary work certainly does not entail "major physical activities," however one chooses to define that phrase.[1] In sum, there is simply nothing in the medical record to suggest that plaintiff is incapable of performing her past work as a switchboard operator.

Plaintiff's testimony regarding the extent of her pain and limitations, if accepted as credible, might support a finding that she is incapable of engaging in any substantial gainful activity. However, the ALJ found that plaintiff's testimony was not fully credible. (Tr. 18)

---

[1]"Sedentary" work is defined in 20 C.F.R. § 404.1567(a) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Such determinations are entitled to significant deference, Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997), and there is nothing in the record that would warrant the court in disturbing the ALJ's credibility determination in this matter. As discussed above, there is an abject lack of objective medical evidence in the record demonstrating the existence of a condition or combination of conditions that might give rise to the severe pain and other symptoms of which plaintiff complains. This lack of objective medical evidence substantially undercuts plaintiff's credibility. Further, with regard to plaintiff's complaints of severe pain, plaintiff has never been prescribed any pain medication, she has not undergone any physical therapy or other therapy, and there is no evidence in the record of any muscle spasms, muscle atrophy, neurological deficits, or range of motion limitations. Given the absence of any objective medical evidence of a condition that might give rise to disabling pain and the absence of any other reliable indicators of pain, the ALJ acted well within his discretion in concluding that plaintiff's testimony was not entirely credible.

In sum, the court finds that there is ample record support for the ALJ's conclusion that plaintiff remains capable of performing her past relevant work and is therefore not disabled.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's cross-motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/VIRGINIA M. MORGAN
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2006

I certify that the foregoing document was served on Donna R. Martin and Counsel of Record on July 31, 2006, either by electronic means and/or ordinary mail.

S/Kendra Byrd
Case Manager